UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CHARLES L. WALKER                                           Civil No. 06-CV-634 (JRT/SRN)

    Petitioner,

    v.                                                                         **REPORT AND
                                                                                     RECOMMENDATION**

R.L. MORRISON, Warden

    Respondent.

___

SUSAN RICHARD NELSON, United States Magistrate Judge

The above-captioned matter comes before the undersigned on Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) and Motion for Mandamus & Injunction. (Doc. No. 2.) The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a)(iii)(2).

**I.     BACKGROUND**

Petitioner is now a federal prisoner (Register Number 53668-060) incarcerated at the Bureau of Prisons ("BOP") Federal Prison Camp in Duluth, Minnesota. (Buege Decl., Attach. A to Govt.'s Response to Petition.) Petitioner is serving a 95-month sentence, followed by four years supervised release, imposed by United States District Judge Gwin, for the Northern District of Ohio. (Id.) Assuming Petitioner receives all credits available to him under 18 U.S.C. § 3624(b) for good behavior, his projected release date is February 2, 2008. (Id.) The BOP determined that Petitioner is eligible to spend the last ten percent, and not any greater period of time, of his prison term in a Community Corrections Center ("CCC" or half-way house). (Id. ¶ 4-5.) This means that, if bed space is

available, his ten percent date of August 2, 2007, is the earliest date he is eligible for CCC placement. (Id.)

On February 16, 2006, Petitioner applied to the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.)   In addition, Defendant filed a Motion for Writ of Mandamus & Injunction, in which he discussed the bases of his habeas petition and also sought relief via mandamus and injunction. (Doc. No. 2)  The Court ordered the United States to show cause why the writ should not be granted (Doc. 3), and the United States filed its return on January 19, 2006 (Doc. No. 8). Petitioner filed a reply brief on March 14, 2006. (Doc. No. 5).  In light of the Eighth Circuit's recent decision in Fults v. Sanders, 442 F.3d 1088 (8th Cir. 2006), the United States filed a Supplemental Response on May 8, 2006 (Doc. No. 8), to which Petitioner filed an objection on May 15, 2006. (Doc. No. 9.)

Petitioner claims that the BOP's rules found at 28 C.F.R. §§ 570.20 and 570.21 are invalid. He argues that 18 U.S.C. § 3621(b) gives the BOP the discretion to transfer prisoners to CCCs at any time during their incarceration.   In particular, Petitioner challenges the BOP's determination that he should be released to a CCC for only the last ten percent of his term of imprisonment.  Petitioner argues that the BOP's determination is based upon its regulations interpreting 18 U.S.C. § 3624(c), regulations which, according to Petitioner, violate the statute and the principles set forth by the Eighth Circuit Court of Appeals in Elwood v. Jeter, 386 F.3d 842 (8th Cir. 2004) (holding that 18 U.S.C. § 3624 grants the BOP the discretion to place inmates in CCCs at any time during their term of imprisonment, not to exceed six months, and that the reference to the last ten percent of the prison term in § 3624(c) is a statutory floor).  Petitioner seeks immediate placement in a CCC, or, in the alternative,

he seeks an order that the BOP consider transferring him to a CCC in accordance with the factors taken into account by the BOP prior to the adoption of its December 2002 policy.

## II. DISCUSSION

In <u>Elwood</u>, the Eighth Circuit Court of Appeals invalidated a December 2002 BOP policy regarding CCC designation and held that the BOP has the discretion to transfer an inmate to a CCC at any time, but only has the duty to consider a transfer to a CCC in the last six months of a sentence. 386 F.3d at 845-47; <u>see,</u> 18 U.S.C. § 3624(c). In response to <u>Elwood</u> and other similar decisions, the BOP created the regulations challenged here, which became effective February 14, 2005. These regulations provide that, as a "categorical exercise of discretion," the BOP will designate inmates for CCC placement "only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months." 28 C.F.R. §§ 570.20, 570.21 (2005).

Since filing his petition, the Eighth Circuit ruled on this very issue in <u>Fults v. Sanders</u>, 442 F.3d 1088 (8th Cir. 2006). The Eighth Circuit declared the BOP's policy invalid as conflicting with 18 U.S.C. § 3621(b), which sets forth certain factors that must be considered by the BOP in making inmate placement or transfer determinations. <u>See id.</u> at 1090.

In response to the <u>Fults</u> decision, the BOP has changed its position, recognizing, in the Eighth Circuit, that §§ 570.20 and 570.21 are invalid. (<u>See</u> Govt.'s Supp'l Resp. at 2-3.) Accordingly, the BOP agrees to follow the guidelines in existence prior to 2002. This BOP policy is set forth in Program Statement 7310.04, <u>Community Corrections Center (CCC) Utilization and Transfer Procedures,</u> December 16, 1998. The policy allows for direct commitment to a CCC and does not limit placement to six months or ten percent of the sentence, whichever is less. Under the policy, the determination of

when an inmate is to be transferred to a CCC is based on a number of individualized factors.  E.g., id. at 7-8.  The policy allows for CCC placement for more than six months, but such cases will be "highly unusual" and require extraordinary justification.  Id. at 8.   The BOP will consider prisoners for placement in a CCC, consistent with 18 U.S.C. § 3621(b) upon their initial placement in confinement and approximately "11 to 13 months before the inmate's projected release date."  Id. (citing P.S. 7310.04 at 7.)

As a result of the BOP policy change, the Government does not oppose Petitioner's petition, to the extent it seeks BOP reconsideration of the date on which he should be assigned to a CCC without regard to 28 C.F.R. §§ 570.20 and 570.21.  (Govt.'s Supp'l Resp. at 3.)  However, the Government opposes Petitioner's petition to the extent that he seeks immediate transfer to a CCC even though his projected release date is more than a year away.  (See Petition at 15.)  Neither Fults nor any other authority purports to impose upon the BOP a requirement that it consider an inmate for transfer any time the inmate requests such consideration.

Petitioner's projected release date is not until February 2, 2008.  Because the BOP has returned to its pre-2002 policy, Petitioner will be considered for release to a CCC 11 to 12 months prior to his projected release date without regard to §§ 570.20 and 570.21.  He is not entitled to immediate transfer.  As to his motion for relief via mandamus or injunction, the motion is rendered moot by this Court's recommendation on his habeas petition.

Therefore, **IT IS HEREBY RECOMMENDED that:**

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. No. 1) be **GRANTED**, in part, to the extent it seeks BOP reconsideration of the date on which he should be assigned to a CCC without regard to 28 C.F.R. §§ 570.20 and 570.21; and **DENIED**, in part, to the extent that it seeks immediate transfer to a CCC; and

2. Petitioner's Motion for Mandamus & Injunction (Doc. No. 2) be **DENIED AS MOOT.**

Dated: June 23, 2006

                s/Susan Richard Nelson
                SUSAN RICHARD NELSON
                United States Magistrate Judge


Pursuant to D. Minn. L.R. 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 7, 2006 a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.